ANDREW WHITE *v.* G. W. MCKINLEY, ET AL.

**Surety on an Appeal Bond.**

When a surety on an appeal bond covenanted to satisfy and perform the judgment in case it should be affirmed on the appeal, and the particular appeal was dismissed and the judgment appealed from was affirmed on a subsequent appeal, it was held that such security was liable, as the dismissal of the appeal constituted a virtual affirmance of the judgment.

APPEAL FROM MARION CIRCUIT COURT.

March 4, 1880.

OPINION BY JUDGE COFER:

The surety in the appeal bond covenanted to satisfy and perform the judgment in case it should be affirmed on the appeal. That particular appeal was dismissed and the judgment was affirmed on a subsequent appeal.

In *Harrison v. Bank of Kentucky,* 3 J. J. Marsh. 376, the bond sued on was conditioned to pay, etc., "in case said judgment shall be affirmed in said Court of Appeals." The appeal was dismissed for want of prosecution, and in an action on the bond this court held the dismission was a virtual affirmance and sustained a judgment against the sureties.

What the effect would have been in this case if the judgment had been reversed on the second appeal we need not inquire. But the judgment having been affirmed the case supra must be deemed conclusive of this case.

Judgment *reversed* and cause remanded with directions to sustain the demurrer to the answer.

*Russell & Arritt, for appellant.    Belden & Shuck, for appellees.*